UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CHARLES COUSIN,

                            Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer DANIELLE DOUGLAS, Shield No. 8862; Police Officer DANNY BERMIO, Shield No. 2983; and NYPD Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

ECF Case

15-cv-5272 (LTS)(GWG)

       PLAINTIFF, CHARLES COUSIN, by attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

       1.     PLAINTIFF brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of PLAINTIFF'S civil rights, by defendants THE CITY OF NEW YORK, Police Officer DANIELLE DOUGLAS, Shield No. 8862; Police Officer DANNY BERMIO, Shield No. 2983 and P.O.s "JOHN and JANE DOE" #110, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

**JURY DEMAND**

5. PLAINTIFF demands a trial by jury in this action.

**PARTIES**

6. PLAINTIFF, CHARLES COUSIN, is a resident of Albany County in the City of Albany and State of New York.

7. Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants, NYPD Defendants Police Officer DANIELLE DOUGLAS, Shield No. 8862; Police Officer DANNY BERMIO, Shield No. 2983, and John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John & Jane Doe 1 through 10.

10. At all times hereinafter mentioned, the DOE Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

13. On or about November 13, 2013 at or around 3:30 p.m., PLAINTIFF was lawfully within his former place of employment located on 23rd Street and Madison Avenue, New York, New York.

14. PLAINTIFF and his employer were engaged in a verbal disagreement when several unidentified New York City Police Officers including defendants DOUGLAS and BERMIO approached PLAINTIFF.

15. The officers then unlawfully searched PLAINTIFF, despite the fact that they had no reasonable suspicion or other lawful basis to do so.

16. Defendants recovered no contraband from PLAINTIFF. Moreover, the defendant officers did not observe PLAINTIFF commit any unlawful conduct.

17. Notwithstanding the fact that defendants lacked probable cause to believe that PLAINTIFF had committed any crimes or offenses, defendants placed PLAINTIFF into handcuffs and under arrest.

18. The officers used excessive force when placing PLAINTIFF under arrest. Specifically, several defendant officers including DOUGLAS and BERMIO roughly threw PLAINTIFF to the ground and forcibly pushed him to the ground.

19. An officer began to read PLAINTIFF his rights pursuant to Miranda but stopped when PLAINTIFF asked why he was being arrested.

20. In retaliation, one unidentified officer repeatedly thrust his knee into the back of PLAINTIFF'S head, and another officer beat PLAINTIFF about the body.

21. The defendant officers then confined PLAINTIFF to a body bag and removed him from the premises.

22. PLAINTIFF was subsequently thrown into the back of a police truck where the officers then repeatedly asked PLAINTIFF if he suffered form any medical conditions. The officers told PLAINTIFF that it would be "easier" if he had a medical issue, otherwise they would throw him into jail.

23. PLAINTIFF disclosed that he was prescribed medicine for attention deficit disorder.

24. In an effort to cover up their assault and unlawful arrest of PLAINTIFF, the officers transported PLAINTIFF to Bellevue Medical Center ("Bellevue").

25. Once at Bellevue, the officers lied to medical personnel, thus forcing PLAINTIFF to be admitted into, and remain within, Bellevue's psychiatric ward.

26. Specifically, the defendant police officers falsely informed employees of the Bellevue that they had observed PLAINTIFF behave erratically, and that he was a danger to hisself and/or others. This was untrue; PLAINTIFF did not act in a way that was threatening to himself or others.

27. Moreover, PLAINTIFF was strapped to a bed and given powerful sedatives while at Bellevue.

28. PLAINTIFF was also treated for the soft tissue injuries he sustained as a result of the officers' use of excessive force.

29. The allegations made by Defendants to the Bellevue staff were false, and the defendants knew them to be false at the time the defendants made the allegations.

30. The defendants knew and understood that the Bellevue staff was relying on the truthfulness of defendants' claims and statements in order to medically evaluate PLAINTIFF. Moreover, defendants were aware that the Bellevue staff assumed that all of the factual statements, claims and allegations that defendants relayed to the Bellevue Medical Center staff were truthful in all material respects.

31. Due to the officers' lies, PLAINTIFF remained at Bellevue for approximately five (5) days. PLAINTIFF was neither arraigned nor was he permitted to speak with an attorney.

32. PLAINTIFF suffered damage as a result of defendants' actions. PLAINTIFF was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## CLAIM 1
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

33. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City and the NYPD include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officers' arrest statistics;

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

   iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct.

36. The foregoing customs, policies, usages, practices, procedures and rules of defendant City through the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

38. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF'S constitutional rights.

39. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF'S constitutional rights.

40. The acts complained of deprived the PLAINTIFF of the following constitutionally protected rights:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. Not to have summary punishment imposed; and

    d. To receive equal protection under the law.

41. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages herein before alleged.

## CLAIM 2
### Unlawful Stop and Search

42. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully stopped and searched PLAINTIFF.

44. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages herein before alleged.

## CLAIM 3
### False Arrest

45. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

46. The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

47. As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, was put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages herein before alleged.

## CLAIM 4
### Unreasonable Force

48. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on PLAINTIFF.

50. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages herein before alleged.

## CLAIM 5
### Malicious Abuse of Process

51. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

52. The individual defendants issued legal process to place PLAINTIFF under arrest.

53. The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

54. The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification.

55. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages herein before alleged.

## CLAIM 6
### Fabricated Evidence

56. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

57. The individual defendants created false evidence against PLAINTIFF.

58. The individual defendants forwarded false evidence/information to Bellevue staff.

59. In creating false evidence against PLAINTIFF, and in forwarding false information to Bellevue staff, the individual defendants violated PLAINTIFF'S constitutional right to due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

60. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages herein before alleged.

## CLAIM 7
### Failure To Intervene

61. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

62. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

64. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages herein before alleged.

## CLAIM 8
### Deliberate Indifference to Safety/Medical Needs

65. PLAINTIFF repeats and re alleges each and every allegation as if fully set forth herein.

66. The individual defendants were aware of a risk to PLAINTIFF'S safety and a need for medical care and failed to act in deliberate indifference to PLAINTIFF'S needs.

67. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to PLAINTIFF'S medical needs and safety.

68. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages herein before alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         September 29, 2016

_____
Katherine E. Smith
233 Broadway, Ste. 1800
New York, New York 10279
Tel/ Fax: 347-470-3707
ksmith@legalsmithny.com
*Attorney for Plaintiff*